IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDI BARI, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants.<br>_____/ | No. C 91-01057 CW<br><br>ORDER DENYING PLAINTIFF DARRYL CHERNEY'S ADMINISTRATIVE MOTION TO STRIKE (Docket No. 674) |

    On August 4, 2010, Plaintiff Darryl Cherney filed an objection to the intention of Defendant United States to destroy evidence related to this case.  Plaintiff also sought a sought an "order in rem" granting him access to the evidence so that he can arrange for its testing.  Plaintiff supported his motion with the Declaration of James Wheaton.  The government responded to Plaintiff's objection, opposed his motion for an in rem order and moved to strike the Wheaton Declaration.  Plaintiff opposed the government's motion to strike.  Pursuant to Civil L.R. 72-1, the Court referred to the motions to Magistrate Judge James Larson.  (Docket No. 671.)

    On March 21, 2011, Magistrate Judge Larson granted Plaintiff's motion and directed the government to

> preserve against loss, alteration, destruction, or contamination all components and remnants of the Oakland and Cloverdale bombs, along with the "LP Screws Millworkers" sign, the "lifted" fingerprints, and any

>     fingerprint analysis; and further orders that the same be
>     transferred to a reliable third-party custodian, for
>     examination and testing, when an appropriate custodian is
>     identified by the Court.

(Docket No. 672, at 23.)  Magistrate Judge Larson also denied the government's motion to strike.

On April 5, 2011, the government filed a motion, seeking de novo review of Magistrate Judge Larson's March 21 Order.  On April 7, 2011, Plaintiff filed the current motion, asking the Court to strike the government's April 5 motion, arguing that it was untimely, that the government consented to Magistrate Judge Larson's jurisdiction over the matter and that, even if it did not so consent, de novo review of the Order is not available.

Plaintiff's motion to strike is DENIED.  (Docket No. 674.) The deadline for the government's motion for de novo review was April 7, 2011.[1]  Thus, it is not untimely.  Because Plaintiff does not identify any written consent by the government to Magistrate Judge Larson's jurisdiction, 28 U.S.C. § 636(c)(1) does not apply. Finally, Plaintiff does not establish that de novo review by this Court is not available.  The motion was referred pursuant to 28

---

[1] Magistrate Judge Larson's order was filed March 21.  The government was permitted to file objections within "fourteen days after being served with a copy."  28 U.S.C. § 636(b)(1).  In computing time, parties "exclude the day of the event that triggers the period; "count every day, including intermediate Saturdays, Sundays, and legal holidays;" and "include the last day of the period."  Fed. R. Civ. P. 6(a)(1).  Based on these instructions, the fourteen-day period expired April 4, 2011.  However, Federal Rule of Civil Procedure 6(d), which pertains to circumstances in which a "a party may or must act within a specified time after service," adds three days to this period because the March 21 Order was served by electronic filing.  See Fed. R. Civ. P. 5(b)(2)(E); General Order 45 IX.D.  Because § 636(b)(1) requires action "after being served," Rule 6(d) applies.  Thus, the government's deadline was April 7, 2011.

2

U.S.C. § 636(b)(1)(B), under which an objecting party may seek de novo review.

The government's motion was noticed for hearing on June 9, 2011, but was subsequently taken under submission on the papers. Plaintiff's opposition to the government's motion shall be due May 19, 2011. The government's reply, if necessary, shall be due May 26, 2011.

IT IS SO ORDERED.

Dated: 4/26/2011

CLAUDIA WILKEN
United States District Judge

3