UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDI BARI, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants. | Case No. C-91-1057-CW<br><br>ORDER CONCERNING THE DELIVERY AND HANDLING OF EVIDENCE FOR EXAMINATION |

In furtherance of the Court's Order of March 31, 2012 (Doc. #686), for good cause shown, and based on the non-opposition of the federal Defendants, the Court hereby finds and orders as follows:

The term "the Evidence," as used in this Order, means and includes the following items, as discussed in the proceedings giving rise to this Order, and as summarized in the March 21, 2011 Order by Magistrate Judge James Larson (Doc. #672):

> all components and remnants of the Oakland and Cloverdale bombs, along with the "LP Screws Millworkers" sign, the "lifted" fingerprints, and any fingerprint analysis.

The Evidence does not include incendiary powder said to have been previously removed from the Cloverdale bomb.

Plaintiff has requested that the Evidence be transferred to Forensic Analytical Sciences, Inc., an independent criminal laboratory located in Hayward, California, for examination and testing under the supervision of C. Alan Keel, its DNA Section Technical Leader.

According to Plaintiff's proffer, filed on December 3, 2012, Forensic Analytical Sciences, Inc. is a nationally accredited criminal laboratory specializing in providing "a wide variety of services to the criminal and civil justice community, including trace evidence analysis,

1

1  DNA typing by PCR-based methods, gunshot residue analysis, firearms evidence examination,

2  crime scene reconstruction, and a host of other analytical services." (see

3  http://www.forensica.com/_default.asp?x=home_au.htm).  The laboratory is located at

4                            3777 Depot Road, Suite 403
                          Hayward, CA 94545

5

6        Forensic Analytical Sciences is accredited by Forensic Quality Services, under the ANSI-

7  ASQ National Accreditation Board (see http://fqsforensics.org) by "assessors [who] are experts

8  from industry, the U.S. government and military, other accreditation bodies (both domestic and

9  international), and the international laboratory and accreditation community."  (See

10  http://fqsforensics.org/accreditation.aspx).  Plaintiff submitted in support of his proffer on

11  December 3, 2012 a copy of Forensic Analytical Sciences' current certificate of accreditation by

12  Forensic Quality Services and scope of accreditation.

13        Among its services, Forensic Analytical Sciences provides DNA and forensic biology

14  analysis, toxicology, pathology, impression evidence analysis (e.g. fingerprints, shoeprints, and

15  tire tracks), trace evidence examination (including fiber, glass, hair, and paint), ballistics

16  analysis, gunshot residue analysis, document examination, and forensic photography analysis.

17  (See http://www.forensica.com/fasc/_default.asp?x=fsd_oview.htm).

18        C. Alan Keel is Forensic Analytical Sciences' DNA Section Technical Leader.

19  According to Forensic Analytical Sciences' website,

20      Mr. Keel is responsible for consultative, analytical and expert witness
    testimony services on a wide variety of cases involving biological

21      material. He has been doing forensic DNA casework and expert testimony
    for over 30 years and possesses knowledge and experience in the area of

22      DNA analysis including isolation of biological materials and subsequent
    preparation, analysis and interpretation using PCR and traditional

23      serological techniques. Mr. Keel is also a court certified expert in latent
    fingerprint analysis as well shoeprint and other impression evidence.

24      pursuant to the FBI's DNA analysis guidelines.

25  (See http://www.forensica.com/fasc/_default.asp?x=fsd_team.htm).

26        According to Plaintiff's proffer filed on December 3, 2012, Mr. Keel will work with

27  Edward T. Blake, a Forensic DNA Expert with Forensic Analytical Sciences, whom the United

28

States recommended in 2000 when the parties agreed to allow Dr. Blake to develop DNA profiles from several other items of evidence related to this case.

Plaintiff submitted in support of his proffer copies of Mr. Keel's *curriculum vitae* (see also, http://www.forensica.com/fasc/doc%5Ccv%5Cak.pdf), and summaries of Mr. Keel's and Dr. Blake's proficiency tests from 2011 and 2012.

### STORAGE, HANDLING, AND SHIPMENT OF THE EVIDENCE BY THE UNITED STATES TO FORENSIC ANALYTICAL SCIENCES; CHAIN OF CUSTODY

Within ten (10) days of the entry of this Order, Defendant United States, by and through its agents and officers, shall cause the Evidence to be delivered to Forensic Analytical Sciences, Inc., to the attention of C. Allen Keel, DNA Section Technical Leader, at 3777 Depot Road, Suite 403, Hayward, CA 94545, together with an inventory of the items delivered.

In all storage, handling, transportation, and delivery of the Evidence, the United States, through its agents and officers, shall "preserve [the Evidence] against loss, alteration, destruction, or contamination," in accordance with Magistrate Judge James Larson's March 21, 2011 Order (Doc. #672), which is still in effect.

In aid of preservation, the United States shall follow the principles underlying Federal Rule of Evidence 901 (the "chain of custody rule"), as that rule has been interpreted and given effect by the courts, and by the Department of Justice and the Federal Bureau of Investigation in their guidelines.

In particular, the United States shall: pack and transport the Evidence so that it does not break, degrade, or change form; handle it with gloves and other necessary protections against contamination; and keep a chain of custody log recording the identity, title, and agency/company of each person who helps receive, transport, or deliver any item of the Evidence, together with the locations, dates, and times of all pickups, transfers, and deliveries of the Evidence.

### EXAMINATION, HANDLING, AND STORAGE OF THE EVIDENCE BY FORENSIC ANALYTICAL SCIENCES

According to Plaintiff's proffer filed on December 3, 2012, Forensic Analytical Sciences will receive the Evidence and inventory it in its regular course of business, through an

1 agent/employee whose specific job it is to receive such evidence for examination and testing.
2 Forensic Analytical Sciences will then examine and test the Evidence, both visually and by
3 taking and testing samples of areas most likely to contain biological markers, impressions, or
4 other clues which may tend to reveal the identity/ies of those who constructed the bombs and/or
5 helped carry out the bombings, or to narrow the field of potential suspects. Throughout the
6 process, Forensic Analytical Sciences will handle and store the Evidence securely and so as to
7 minimize loss, alteration, destruction, or contamination. Forensic Analytical Sciences will handle
8 the Evidence in its own secure facility and store the Evidence in its own secure storage room.

**EXCHANGE OF RECORDS**

Following delivery of the Evidence to Forensic Analytical Sciences, the United States shall produce a copy of the chain of custody log or other chain of custody record(s) to Plaintiff, together with copies of the inventory and any shipping labels or manifests, as discussed above.

Over the course of the examination of the Evidence by Forensic Analytical Sciences, Plaintiff shall produce to the United States copies of all photographs, reports, and/or other records generated by Forensic Analytical Sciences within ten (10) days of receiving each such record from Forensic Analytical Sciences.

**HANDLING OF THE EVIDENCE UPON CONCLUSION OF THE EXAMINATION**

At the conclusion of its testing process Forensic Analytical Sciences shall return the Evidence to the FBI's custody.

IT IS SO ORDERED.

1/2/2013
Date

HONORABLE CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE